■ In the Matter of EREZ FASHIONS, INC., Petitioner, v NEW YORK STATE DIVISION OF HUMAN RIGHTS, Respondent.—Petition, brought pursuant to CPLR article 78, transferred to this court by order, Supreme Court, New York County (Francis N. Pecora, J.), entered March 13, 1986, which sought to annul and set aside respondent's order, dated August 29, 1985, which, after a hearing, inter alia, directed petitioner to cease and desist from discriminating against complainant because of sex, in violation of the Human Rights Law, and to pay her $15,000 damages, and the cross petition to confirm said order held in abeyance and the matter remanded to respondent for a hearing on the issue of the sufficiency of service of the notice of hearing, dated April 5, 1985.

The hearing on the discrimination charges was held on April 22, 1985, at which petitioner did not appear. Following the hearing, the Administrative Law Judge determined that there had been unlawful discrimination because of sex and awarded damages. Thereafter, on July 15, 1985, petitioner submitted opposition to the recommended findings of fact and decision, alleging, inter alia, that it did not receive the April 5, 1985 notice of hearing, there had not been any discrimination, and complainant was terminated because of incompetency. On August 29, 1985, the Commissioner adopted the Administrative Law Judge's recommendations. Thereafter, on October 10, 1985, petitioner applied to reopen, claiming that, since it was not served with notice of the hearing, there should be a new hearing to afford it an opportunity to contest the merits and establish that the discharge resulted from the quality of complainant's work, not because she was pregnant. As far as appears, no decision has been rendered on that application.

The record reflects that, although petitioner did not appear at the hearing, it previously cooperated in respondent's inves-

tigation of the complaint; filed an informal response or answer thereto, denying the charges; and attended a prehearing conference which was adjourned. Promptly, upon learning of the issuance of the recommended findings and decision, petitioner submitted opposing papers, claiming that it had not been apprised of the hearing, and thereafter sought to reopen by letter request five weeks after the Commissioner's order. In our view, in these circumstances, a hearing on the issue relating to service of the notice of hearing is in order, especially bearing in mind petitioner's prior appearance and assertion throughout that complainant had been terminated for cause. Justice and fairness require no less.

Accordingly, we remand the matter to respondent to determine that issue. Concur—Kupferman, J. P., Sullivan, Kassal, Ellerin and Smith, JJ.